189 N.J. Super. 49 (1983)
458 A.2d 1289
JOSEPH BERMAN AND PHYLLIS BERMAN, HIS WIFE, ALBERT REISMAN AND REVA REISMAN, HIS WIFE, JACOB HOLTZ AND ANNA HOLTZ, HIS WIFE, M. MILTON SINGER AND SARA W. SINGER, HIS WIFE, A.H. FERRIN AND JULIET FERRIN, HIS WIFE, IRVIN C. SHAVELSON AND LAURA SHAVELSON, HIS WIFE, BURT KIMMEL AND SYLVIA KIMMEL, HIS WIFE, ALBERT GOLD AND RUTH GOLD, HIS WIFE, J. WILLIAM WEISBECKER AND JOHANNA A. WEISBECKER, HIS WIFE, SAMUEL CURSON AND SELMA A. CURSON, HIS WIFE, EDWIN HASS AND ANN HASS, HIS WIFE, JOSEPH J. RIZZO AND DOLORES R. RIZZO, HIS WIFE, MYER LUBETSKY AND FLORENCE J.C. LUBETSKY, HIS WIFE, J. REVA STOCKER, MORTON BOTEL AND RITA BOTEL, HIS WIFE, GARY R. COLLINS, RONALD E. COLLINS AND CATHERINE M. COLLINS, HIS WIFE, JULES MALAMUD AND MICHELE MALAMUD, HIS WIFE, BLANCHE LIPSHULTZ, CLAIRE LEVINE, SYLVIA BLOCK, LILY DAVIS, AND REGENCY TOWERS CONDOMINIUM ASSOCIATION, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
MAX GURWICZ, EDWARD GURWICZ, A/K/A HERZEL GURWICZ, REGENCY TOWERS, A NEW JERSEY CORPORATION, VENTNOR MANAGEMENT COMPANY, A NEW JERSEY CORPORATION, AND REGENCY TOWERS CONDOMINIUM, A CONDOMINIUM ESTABLISHED IN ACCORDANCE WITH 46:8-B01 TO 30, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1983.
Decided February 14, 1983.
Before Judges ARD, KING and McELROY.
Jack Gorny argued the cause for appellants (Horn, Kaplan, Goldberg & Gorny, attorney; Jack Gorny, on the brief).
William W. Shultz argued the cause for respondents (Alten, Valentine, Seltzer & Shultz, attorneys; William W. Shultz, on the brief).
Joseph Berman, respondent, argued the cause pro se.
*50 PER CURIAM.
Following a bench trial in the Chancery Division of the issues there joined, Judge Haines announced his findings, conclusions and determinations in an articulate and detailed opinion. This appeal eventuated from the judgment entered thereon.
We are satisfied that the findings of fact might reasonably have been reached on sufficient credible evidence in the record below, and we will not disturb them. State v. Johnson, 42 N.J. 146, 162 (1964). We are also persuaded as to the soundness of the conclusions of law of Judge Haines, and we affirm substantially for the reasons set forth in the aforementioned opinion.
Although not controlling in this case, the New Jersey Legislature has recently enacted a statute which imposes a rebuttable presumption of unconscionability upon recreation leases under these circumstances. N.J.S.A. 46:8B-32 (effective January 17, 1980). This recent statute evinces our State's sound public policy with regard to the type of conduct found by Judge Haines in the instant case.
Affirmed.